## DEDMOND v. ESCAMBIA COUNTY.
No. 70-544.

Circuit Court, Escambia County.

April 7, 1970.

Nathaniel Dedmond, Pensacola, in pro. per.

Jack H. Greenhut, Pensacola, for the defendant.

ERNEST E. MASON, Circuit Judge.

*Order granting motion to dismiss and final judgment:* This cause is before the court on bill of complaint and motion to dismiss. The court makes the following finding of facts and law —

Pursuant to authority granted in §125.35, Florida Statutes, the board of county commissioners of Escambia County determined the advisability of leasing Rosemond Johnson Beach to a private party, and advertised for bids to be received on March 3rd, 1970. The notice stated that bids would be received for a five year lease of such county-owned property and that instructions to bidder, bid proposal and form of lease agreement could be secured at room 306, County Court House Annex; that each bid must be accompanied by bid bond or certified check in the sum of $500 to insure that the bidder would not withdraw his bid; that in the event a lease was awarded the awardee would within ten days thereafter execute lease agreement with the county; that the awardee would be required to furnish a surety bond in an amount sufficient to protect the county against failure to perform the lease; and that the board reserved the right to waive informalities in any bid, and to reject any and all bids, with or without cause, and to accept the bid that in its judgment was in the best interest of the county.

The instructions to bidders, among other things, provided that until the final award of the lease the right was reserved to reject all proposals as might be deemed in the best interests of the county; that the lease, if awarded, would be to the highest responsible bidder whose proposal complied with all requirements necessary to render it acceptable to the county; that the successful bidder to whom the lease was awarded should execute and file with the county the lease agreement within ten days from the date of award, and in the event of failure to do so and to furnish the required performance bond the bid bond would be forfeited.

The proposed lease agreement furnished the bidders included detailed specifications as to the terms and conditions of the lease to be complied with by the county as lessor and the successful bidder as lessee, among which was the giving of a $5,000 performance bond by the lessee, with sureties acceptable to the county.

Blank spaces were left in which were to be filled the name of the successful lessee, the terms of the lease and the rental to be paid by the lessee.

Three bids were submitted in answer to said notice, among which was that of the plaintiff, Dedmond. On March 6th, 1970 the board in regular meeting voted by a four to one vote that of the bids submitted plaintiff's was "the best and most beneficial to the county," and awarded "the lease for the operation of the concessions at Rosemond Johnson Beach to Nathaniel Dedmond, for the period beginning May 1st, 1970, and ending May 1st, 1975."

On March 9th the board, through its clerk, wrote to plaintiff that the board had accepted his bid as being the most favorable to the county, and had awarded him a five year lease, beginning May 1st, 1970, and instructed plaintiff to contact the county attorney by March 16th for the purpose of executing the lease agreement with the county.

Before March 16th, and at its next regular meeting on March 13th, upon hearing from one of the unsuccessful bidders to the effect that his was the best bid submitted, the board by a three to two vote rescinded its action of March 6th awarding the lease to plaintiff, and voted to reconsider the bids. After such reconsideration the board voted to re-advertise for bids, and instructed the county attorney to prepare new specifications containing what it determined to be clarifications as to the rental terms of the proposed lease.

This suit was filed by plaintiff seeking an injunction against the re-advertisement for bids and order of this court to require the defendant county by mandatory injunction or mandamus to execute a lease agreement to him in accordance with the terms of his bid proposal and in accordance with the defendant's award of the lease to him in its March 6th meeting. The county has moved to dismiss on the grounds (1) that no contract has been entered into between the parties until the lease agreement is actually executed by the parties, and that until such time the board of commissioners may rescind the award previously made, and (2) that the plaintiff has an adequate remedy at law in a suit for breach of contract.

This court has previously held that Escambia County may lease the property in question, provided it does so after complying with the requirements of §125.35-36, Florida Statutes. (See Flowers v. Escambia County, case no. 69-451, decided April 25, 1969.) The primary question before the court in this suit is whether by accepting plaintiff's bid on March 6th and notifying him to that effect, an enforceable contract came into existence so as to foreclose the county from rescinding its action at a later date, before a written

lease between the parties had been executed, and so as to prevent its re-advertisement for bids for the lease of the property in question.

It is evident that the award to the plaintiff did not in itself constitute a lease between the parties, for §125.36 contemplates the execution of a conveyance. There it is provided that "the board of county commissioners is hereby authorized and empowered to convey title in such property to the purchaser thereof *and to execute the proper conveyance thereof.*" (Italics added.) And §125.41 sets forth the form of a conveyance of land by a county. A lease of land is a conveyance of an interest in land and we held in Flowers v. Escambia County, supra, that statutes setting up procedures for selling county property are applicable to the granting of leasehold interests. Therefore, it is evident that no lease was granted by the action of the Board in accepting plaintiff's bid and notifying him to that effect.

The question then arises, was there created by such action a binding contract between the parties requiring them to enter into the formal execution of the lease without any further action on the part of either of the parties? The answer to this question must be in the negative for it is evident from an examination of all the facts that there was to be no binding contract between the parties until the same was reduced to writing covering all of its terms and conditions, and also not until the plaintiff offered a performance bond in the principal amount of $5,000, with sureties acceptable to the county. This latter condition to be met by the successful bidder is specifically set forth in the request for bids and the form of lease agreement to which bidders were referred in the request for bids.

That the contract between the parties was required to be reduced to writing is evidenced by the 7th provision of the instructions to bidders wherein it is stated that the successful bidder "shall execute and file with the county the lease agreement within ten days from the date of the award," to furnish the required performance bond, and that in case of failure to do so the bid bond would be forfeited. And the notice to plaintiff of the award to him advised him that he must get with the county attorney and execute the lease agreement by March 16th. This notice was sent to plaintiff on March 9th. True, the board rescinded its award on March 13th, three days before the time set for the plaintiff's meeting with the county attorney, but the fact that plaintiff was told to execute the lease by a certain day cannot and does not alter the fact that there was no contract between the parties until the same was reduced to writing in the form of a lease agreement, and then not until the performance bond was tendered and accepted by the county. Until

these acts were accomplished the board was free to rescind its action, to reconsider the bids, and, if it deemed proper, to reject all of the bids and to call for other bids as it did here, so long as it did not act capriciously or fraudulently in so doing. An examination of the minutes of the meeting of the board of March 13th does not indicate that the board acted in bad faith in rescinding its previous action and calling for other bids.

In the absence of an executed lease agreement containing the required terms and conditions and of the required performance bond, the plaintiff has no legal standing to complain, although the court can readily understand his surprise and chagrin when informed that the board had changed its mind, thinking, as he undoubtedly did, that he had until March 16th to make such tenders.

The defendant's motion to dismiss must be granted.

It is, therefore, ordered and adjudged that the motion of the defendant to dismiss the complaint for failure to state a cause of action be, and the same is, granted, and that the defendant go hence without day.